JEANETTE FABRICIUS, administratrix of estate of Thomas E. Fabricius, appellee, v. MONTGOMERY ELEVATOR COMPANY et al., defendants, and INSURANCE COMPANY OF NORTH AMERICA (its true and correct name being Indemnity Insurance Company of North America), appellant.

No. 50905.

(Reported in 121 N.W.2d 361)

1320

APRIL 9, 1963.

McDonald, McCracken, McDonald & Carlin, of Davenport, for defendant-appellant, Indemnity Insurance Company of North America.

Betty, Neuman, Heninger & McMahon, of Davenport, for plaintiff-appellee.

THORNTON, J.—This is the second interlocutory appeal in this case. The first involved procedure. Fabricius v. Montgomery Elevator Co., 253 Iowa 860, 114 N.W.2d 297.

This appeal is from an order of the trial court overruling defendant's motion to dismiss plaintiff's petition. The question presented is one of first impression in this court.

Plaintiff is the executrix of the estate of a fatally injured employee, injured in the course of his employment. Defendant Indemnity Insurance Company of North America is the workmen's compensation carrier for the decedent's employer. This defendant is the only defendant interested in this appeal.

Division III of plaintiff's petition, directed to this defendant, alleges her decedent met his death in the course of his employment for Parker Service Company, defendant was the

workmen's compensation insurance carrier on the employer and in that capacity reserved unto itself the right to inspect the work places, machinery and equipment covered by such policy, though it was not obligated to do so under its policy, but did so undertake to inspect and did so negligently, in that it failed to inspect, failed to properly inspect, failed to notify and recommend, that decedent received fatal injuries because of the unsafe condition of an elevator, and decedent's freedom from contributory negligence.

Compensation benefits have been and are being paid by defendant as the employer's insurance carrier.

Defendant insurance company moved to dismiss because the action alleged is solely within the jurisdiction of the industrial commissioner. Its contention is that for the purpose of this case it stands in the shoes of the employer, its rights, liabilities and defenses are the same, that it is not a "third party" or "some person other than the employer" as these terms are used in section 85.22, Code of Iowa, 1958. (The injury here took place April 22, 1960, the amendments to the compensation Act by the Fifty-eighth General Assembly do not apply to the question presented.) Defendant bases its contention on the entire Act pointing particularly to sections 85.20, 85.22 and 87.10.

Plaintiff's position, in brief, is the action is one for the violation of a common-law duty and defendant's liability is in no way affected by the Act.

I. As between the employee and employer an action for injuries received by the employee arising out of and in the course of the employment is exclusively within the jurisdiction of the industrial commissioner, unless the employee is excluded from coverage or the Act has been rejected. Sheahan v. Plagge, 255 Iowa —, 121 N.W.2d 120; Groves v. Donohue, 254 Iowa 412, 419, 118 N.W.2d 65, 69; Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 101 N.W.2d 167; and sections 85.1 through 85.21, Code of Iowa, 1958.

In Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 387, 101 N.W.2d 167, 174, in discussing aggravation of an injury by negligent hospital treatment, we said:

"Our compensation law does not abolish common-law

actions in tort except those between employee and employer. The provision of section 85.20, Codes 1954, 1958, that the rights provided in chapter 85 for an employee on account of injury shall be exclusive of all other rights of such employee applies only to actions against the employer (Maytag here) and does not prevent an injured employee from suing third persons at common law."

And at page 388 of 251 Iowa, page 174 of 101 N.W.2d:

"A statute will not be construed as taking away a common-law right existing at the time of its enactment unless that result is imperatively required."

In Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 854, 118 N.W.2d 559, 564, 565, an action for indemnity by a third party who had been compelled to respond in damages for negligence, against the employer of the injured party who had compensated the employee under the Act, we approved a statement of the Eighth Circuit Court of Appeals in American District Telegraph Co. v. Kittleson, 179 F.2d 946, 953 (Iowa, 1950), relating to section 85.3, as follows:

"By section 85.3 every employer subject to the Act is required to 'pay compensation * * * for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and *in such cases,* the employer shall be relieved from other liability for recovery of damages or other compensation *for such personal injury.*' The language quoted imposes upon the employer liability to the extent provided by the Act to an employee injured in the course of his employment, and relieves the employer from further liability to his employee. To say that this language relieves an employer from liability to a third party, to one not in his employ, for the employer's act of negligence damaging such third party is to read into the Act something that plainly is not there."

██ It is proper to consider the subject matter of the statute as stated by the legislature in determining the proper construction of a statute. We find the subject matter to be dealt with by the Act, as expressed by the Thirty-fifth General Assembly, chapter 147, when the Act was originally adopted, is as follows:

"An Act relating to employers' liability for personal injury sustained by employees in line of duty, fixing compensation therefor, securing the payment thereof, providing for the appointment of a commissioner and defining his duties."

██ The place of the insurance carrier is readily discernible, securing payment of the compensation. In the process of securing payment the legislature has provided every employer shall be insured, section 87.1, unless relieved as provided in section 87.11, insolvency clauses are prohibited in policies, section 87.8, and certain policy provisions are required, sections 87.9 and 87.10.

Section 87.10, pointed out by defendant, provides:

"Every policy issued by an insurance corporation, association, or organization to insure the payment of compensation shall contain a clause providing that between any employer and the insurer, notice to and knowledge of the occurrence of injury or death on the part of the insured shall be notice and knowledge on the part of the insurer; and jurisdiction of the insured shall be jurisdiction of the insurer, and the insurer shall be bound by every agreement, adjudication, award or judgment rendered against the insured."

This section does no more than require policy provisions placing the insurer before the commissioner or the court whenever the employer is, and requiring it to pay whatever the employer is required to pay.

If defendant is to be placed in the position of the employer it must be because of the provisions of section 85.22 and the nature of this lawsuit. The question is stated by Chief Judge Clary of the United States District Court for the Eastern District of Pennsylvania in Mays v. Liberty Mutual Insurance Co., 211 F. Supp. 541, 544, dated December 11, 1962, a case involving the same allegations we have here, as follows:

"The question before this Court is then refined to whether a workmen's compensation carrier who gratuitously undertakes to conduct safety inspections of the employer's premises has assumed the liability of the employer and thus become an 'employer' under the Pennsylvania statute."

The court held the insurance carrier had assumed the liability of the employer and thus became liable to the injured employee only as an employer and not at common law. In the course of the opinion the court said: "* * * the employer's insurance carrier, by virtue of the statute and its contract, has assumed this liability. * * * Under the Act, the carrier cannot assume any portion of the employer's recognized duty without assuming the corresponding liability. Having assumed a portion of the employer's liability, the carrier stands in the shoes of the employer under the Pennsylvania Act." Policy reasons of safety are also mentioned.

We do not have a statute which in anyway requires a compensation carrier to assume any duty of the employer other than to pay compensation as fixed. The Federal District Court in Pennsylvania does not point out the particular section of the Pennsylvania Compensation Act to which it refers other than the definition of employer in section 103 which does not include the insurer, and section 401, as follows:

"The term 'Employer', when used in this article, shall mean the employer as defined in article one of this act, or his duly authorized agent, or his insurer if such insurer has assumed the employer's liability, or the fund if the employer be insured therein."

This section applies only to procedure. The court also pointed out the subrogation section of the Pennsylvania Act has always been read so as to give the right to the insurer where it has assumed the liability of the employer.

These sections of the Pennsylvania Act are not dissimilar to our section 85.22. In pertinent part, it is as follows:

"When an employee receives an injury for which compensation is payable * * *, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee * * * may take proceedings against his employer for compensation, and * * * may also maintain an action against such third party for damages. When an injured employee * * * brings an action against such third party * * * the following rights and duties shall ensue:

"1. If compensation is paid the employee * * *, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, * * *. * * * to continue and preserve the lien, the employer or insurer shall * * * file * * * notice of the lien.

"2. In case the employee fails to bring such action * * * after written notice so to do given by the employer or his insurer, as the case may be, then the employer or his insurer shall be subrogated * * * against such third party * * *."

Subsection 1 provides the employer or "his insurer which paid it" may be indemnified, have a lien, and how the lien may be preserved. Subsection 2 provides for subrogation of the employer or his insurer. These two subsections do not become operative until liability has been incurred by virtue of a prior compensable injury. The first paragraph of the section merely states the employee may take proceedings for compensation and against a third party. This section does not give the employee the cause of action against the third party. He has that by virtue of the common law. This is recognized in the section when it states, "* * * which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, * * *." See also analysis of section 85.22 on a different point in American Mutual Liability Insurance Co. v. State Automobile Insurance Assn., 246 Iowa 1294, 72 N.W.2d 88.

This is an action for negligent inspection gratuitously undertaken. If the employer made the same negligent inspection or made none and the employee was injured, the employee could collect compensation from the insurance carrier because of its policy with the employer. This was apparently one of the compelling reasons for decision in the Mays case, supra. If the employee's common-law action is taken from him, what has done so? Certainly it cannot be the insurance policy. We do not find a statute that imperatively compels that result. Because the insurer may be indemnified and subrogated does not compel that result. It does not deal with that subject matter. Likewise, we are not persuaded by the argument the insurer

would be placed in a position of suing itself. It is easier for the mind to believe that the legislature intended the insurer would have a setoff to the extent of the compensation paid.

Another factor that has some bearing on legislative intent is the difference between compensation and common-law damages for negligence. Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 387, 101 N.W.2d 167, 174. Under the provisions of the Act the employer pays for a compensable injury without regard to his negligence or fault. Recognizing this the legislature has fixed limits of compensation not related to or measured by common-law damages. The insurance carrier does not fall into the same class as the employer in this regard. It does not become involved until it writes a policy, then for the limited purpose of securing payment.

In addition to the Mays case, supra, we have carefully considered Roney v. The Liberty Mutual Insurance Co., No. 935, Common Pleas Court of Philadelphia, filed July 30, 1962; Larson v. American Motorists Insurance Co., No. 14393, Greene District Court (Iowa), filed March 30, 1961; Nelson v. Union Wire Rope Corporation, 39 Ill. App.2d 73, 187 N.E.2d 425; and the dissenting opinion in Smith v. American Employers' Insurance Co., 102 N. H. 530, 163 A.2d 564. These cases pass on or consider the same question we have here. We are not persuaded the views expressed are correct when applied to our compensation Act. Defendant also cites Schulz v. Standard Accident Insurance Co. of Detroit, 125 F. Supp. 411 (E. D. Wash. 1954); Hughes v. Maryland Casualty Co., 229 Mo. App. 472, 76 S.W.2d 1101; Sarber v. Aetna Life Insurance Co., 23 F.2d 434 (9th Cir. 1928); and Raines v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co., 385 Pa. 464, 123 A.2d 420. These cases tend to support defendant's position but are based on negligence of the insurer in furnishing medical care after a compensable injury. That an insurance carrier may be liable for breach of contract relative to medical services, see Waldron v. Aetna Casualty & Surety Co., 141 F.2d 230 (3d Cir. 1944).

Defendant's citations to the effect the insurer has the same liability as the employer refer to the insurer's liability under

its policy to pay compensation due from the employer to the employee. We do not find any that refer to a tort committed by the insurer, either related or unrelated to the employment or the policy.

II. Smith v. American Employers' Insurance Co., 102 N. H. 530, 163 A.2d 564, is relied on by plaintiff. It supports her position. The only difference between the Smith case and this case is, the Smith case is based on negligent inspection not connected with the workmen's compensation policy and this case is based on negligent inspection connected with the compensation policy. The majority opinion held the insurance carrier was some person other than the employer and that plaintiff stated a cause of action.

After the opinion in the Smith case the New Hampshire legislature amended their Act to include the insurance carrier in the definition of employer and its statute similar to our section 85.22 to equate the employer's insurance carrier with the employer by amending the section to read, "When an injury * * * has been sustained * * * creating in some person other than the employer, or the employer's insurance carrier * * *." It is urged this action of the legislature indicates a misinterpretation of legislative intent. This is not necessarily true, it is also a strong indication the legislature had not previously considered the problem.

■■ III. Defendant strongly urges what it calls practical effects and sound public policy. It suggests curtailment of inspections by insurers and discontinuing by insurers of writing workmen's compensation insurance in Iowa. Plaintiff's answer is, no inspection is better than a negligent one. We are inclined to agree. We rather doubt that all insurers will leave the field. Defendant further invites us into the field of legislative intent and sound public policy on the broad basis of the entire Act and what to it are unusual and inequitable situations. In this regard it is the policy of this court not to interpret a statute as depriving one of a common-law right unless the statute clearly so states. Bradshaw v. Iowa Methodist Hospital, 251 Iowa 375, 101 N.W.2d 167; and Blackford v. Sioux City Dressed Pork, Inc., 254 Iowa 845, 118 N.W.2d 559.

The power to deprive one of a common-law action is vested in the legislature under its police power upon declared public policy of the state when circumstances and conditions warrant such action. In this regard the rejection feature of the compensation Act should be noted.

Our workmen's compensation laws do not equate the insurer with the employer for the purpose of negligent acts of the insurer related to its policy and the employment, nor deprive an injured employee of a common-law action against the insurer for such negligent acts.

The order of the trial court is correct and is—Affirmed.

GARFIELD, C. J., and HAYS, LARSON, PETERSON, SNELL and MOORE, JJ., concur.

THOMPSON and STUART, JJ., concur in the result.