Ethlyn O. WILLIAMS, Appellant,

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY,
Appellee.

No. 10123.

United States Court of Appeals
Fourth Circuit.

Argued Dec. 8, 1965.

Decided Feb. 21, 1966.

Henry E. Howell, Jr., Norfolk, Va. (Howell, Anninos & Daugherty, Norfolk, Va., on the brief), for appellant.

Roy L. Sykes, Norfolk, Va. (Jett, Sykes & Berkley, Norfolk, Va., on the brief), for appellee.

Before SOBELOFF and BRYAN, Circuit Judges, and MAXWELL, District Judge.

ALBERT V. BRYAN, Circuit Judge:

An industrial compensation insurance carrier, the appellee, was sued for damages by a recipient of compensation, the appellant, on the allegation that the injury she suffered in the operation of her employer's equipment was due to the carrier's negligence in pursuing employee-safety measures it had assumed. The District Court dismissed on motion for summary judgment, holding the suit barred under the Virginia Workmen's Compensation Act. Va.Code 1950, §§ 65–1 et seq., as amended. We affirm.

The District Court's holding, more specifically, was that under the Act the insurer is essentially the employer, and not a third party subject to independent suit for the injury. The statutory sections applied are these:

"§ 65–3. Employers Defined.— Unless the context otherwise requires, 'employers' includes . . . any individual, firm, association or corporation * * * using the service of another for pay. *If the employer is insured it includes his insurer so far as applicable.*" (Italics added.)

"§ 65–99. Duty to insure payment of compensation; effect of insurance.—Every employer subject to the compensation provisions of this Act shall insure the payment of compensation to his employees in the manner hereinafter provided. While such insurance remains in force *he*

[the employer] *or those conducting his business shall only be liable to an employee for personal injury or death by accident to the extent and in the manner herein specified."* (Italics added.)

"§ 65–37. Employee's rights under Act exclude all others.—The rights and remedies herein granted to an employee * * * shall exclude all other rights and remedies of such employee * * * on account of such injury * * *."

The facts, admitted as alleged in the complaint, are that Ethlyn O. Williams, appellant-plaintiff, lost her right hand on November 1, 1962 while operating a hydraulic press for her employer, Southeastern Plastics, Inc. engaged at Portsmouth, Virginia in the manufacture of plastic articles. The United States Fidelity and Guaranty Company, appellee-defendant, insured Southeastern under the Virginia compensation law. § 65–99 supra. The plaintiff had been so employed for some time prior to her misfortune.

Importantly, she charged that Fidelity "actually and in contemplation of law, assumed the obligation to conduct sufficiently adequate and effective studies and inspections of the operation of the plant of Southeastern * * * so as to eliminate hazards that were involved in the operation of the plant and its appurtenant equipment and to insure and produce a safe place for the plaintiff to work". Obligations comprehended in the carrier's undertaking are then specified, including inspection of safety devices necessary in the operation of machinery, inspection of plant equipment, and oversight of the safety practices adopted and the use of other safety devices, as well as ascertainment of the competency of associated personnel of Southeastern.

Notwithstanding these assumed responsibilities, the complaint continues, the carrier negligently failed to meet them, and as a result the press' safety equipment failed and caused her injury. That she had claimed and received from the carrier the benefits provided by the Act is not questioned.

As the employer is exempted by the Act from any liability beyond the payment of compensation, §§ 65–37, 65–99, supra, including the furnishing of medical attention free of charge to the injured employee, as well as necessary surgical and hospital service, § 65–85, the ground of the carrier's motion was that as an "employer" under the Act, it was not liable for any other amounts claimed by Ethlyn O. Williams.

In reply, she relies upon the modifying words "so far as applicable" in section 65–3, supra, as excepting the carrier from the definition of an employer in the circumstances here. The immunity provisions of the Act do not apply, she urges, to an insurance carrier, as an employer, when the employee's claim rests on a breach of a voluntary undertaking assumed by the carrier beyond its liabilities under the Act as an insurer.

We cannot agree. The assertion contravenes the letter and theme of the Act. Its purpose and scope have been exactly and completely delineated in the decisional law of Virginia in many opinions. These and their lesson were epitomized for this court by Judge Soper in Doane v. E. I. DuPont De Nemours & Co., 209 F.2d 921, 926 (1954):

" * * * The purpose of the Virginia statute as interpreted by its highest court is to limit the recovery of *all persons engaged in the business* under consideration to compensation under the act, and to deny an injured person the right of recovery against any other person *unless he be a stranger to the business.*" (Italics added.)

This summary was adopted in Rea v. Ford, 198 Va. 712, 96 S.E.2d 92, 95 (1957).

There are no provisions in the Act, and nothing instinct in its aims, to justify appellant's argument that the phrase "so far as applicable" excludes the carrier as an employer protected by the Act or

renders the carrier an "other person" or a "stranger to the business". Throughout the Act the insurer is not merely made the guarantor of the employer, but rather the primary obligor answerable for all promises the Act makes to the employee. The statute imposes this duty immediately, not alternatively, as witness these provisions:

"§ 65–107. Liability of insurer.— No policy of insurance against liability arising under this Act shall be issued unless it contains the agreement of the insurer that *it* will promptly pay the person entitled to the same all benefits conferred by this Act and all installments of the compensation that may be awarded or agreed upon and that the obligation shall not be affected by any default of the insured after the injury or by any default in giving notice required by such policy or otherwise. *Such agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation, enforceable in his name.*" (Italics added.)

"§ 65–105. Constructive notice to, jurisdiction of, and awards, etc., binding upon insurer.—All policies insuring the payment of compensation under this Act must contain clauses to the effect that as between the employer and the insurer notice to or knowledge of the occurrence of the injury on the part of the insured employer shall be deemed notice or knowledge, as the case may be, on the part of the insurer, that jurisdiction of the insured for the purposes of this Act shall be jurisdiction of the insurer, and that the insurer shall in all things be bound by and subject to the awards, judgments or decrees rendered against such insured employer."

The employer and the carrier are never differentiated by the Act in this responsibility. To distinguish between them in the application of this sector of the Act is not easy; they are one "so far as [relief provisions are] applicable".

Doubtlessly, there are places in the compensation law where the insurer would not have identity with the employer. For example, the carrier would not be subject as an employer to penalties assessable for the employer's failure to report to the State its compliance with the Act, or to keep records of all injuries, the number of its employees, hours of their labor and number of days of operation of the business. §§ 65–105, 65–115, 65–117, 65–118. No doubt there are other such instances in areas aside from the employer-employee relation.

■ At all events, we are not persuaded from our examination of the Act that the insurer is not an employer wherever the claim is based upon an injury arising in the course of the employment. Put another way, the carrier is an employer whenever the claim is one for which compensation is payable. In these situations the responsibility of the employer is the responsibility of the insurer, logically warranting equal immunity. Semble, in reason, if the carrier takes the burdens of the employer it should be entitled as well to his benefits.

But, the appellant tells us, the carrier is suable under the Act as a third party tortfeasor. Assuredly, provision is made in the Act for suit by the injured employee, or by his employer or its insurer, as subrogees, of the employee's right, to recover damages against "any other party for such injury." §§ 65–38, 65–39, 65–39.1, 65–108.

However, the "other party" must be, as Judge Soper defined him in Doane v. E. I. DuPont De Nemours & Co., supra, 209 F.2d 921, 926, "a stranger to the business", i. e. a person not "engaged in the business". Presently the negligence laid to the carrier is the omission of due care in and about the physical operation of the plant by appellant's employer. The neglect related immediately to the cause of the appellant's injury.

The insurer had assumed to do no more than was expected of the employer. The testimony before the District Judge clearly establishes that Southeastern car-

ried on an informal safety program as an integral part of its regular business routine, and that the carrier's periodic inspections were an adjunct thereto. No more demonstrable engagement in the business is readily conceived. In this activity the carrier may well be said to be in part "conducting his [the employer's] business" and hence put under the aegis of the Act by section 65–99, supra. See Feitig v. Chalkley, 185 Va. 96, 38 S.E.2d 75, 76 (1946).

An example of the distortion of the Act by the appellant's interpretation appears in the effectuation of the Act's assignment to the carrier, after payment of compensation, of the injured employee's right of action. The result would be to provide for a suit by the insurer against itself.

Indisputably, there are decisions permitting a suit such as is now attempted by the appellant: Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769 (1964); Mays v. Liberty Mutual Ins. Co., 323 F.2d 174 (3 Cir. 1963); and Fabricus v. Montgomery Elevator Co., 254 Iowa 1319, 121 N.W.2d 361, 93 A.L.R.2d 591 (1963). Scrutiny of the State statute in each of these cases will disclose that the insurer was not so precisely equated in terms or in function with the employer as in the Virginia Act. Moreover, immunity from suit provided by these statutes is far less extensive than under the Virginia Act. Under them even a fellow employee is held to be a "stranger" to the work or a "third party", liable to a common-law action for injuries to his co-worker. Under the Virginia Act the entire "industrial family" is immune from suit. See, e. g., Feitig v. Chalkley, supra, 185 Va. 96, 38 S.E.2d 73 (1946).

A comprehensive summary of these distinctions is found in Kotarski v. Aetna Cas. & Sur. Co., 244 F.Supp. 547, S.D. Mich., August 12, 1965. The Court there reaches the same conclusion under the Michigan Act as we have under the Virginia Act, the two statutes having a near resemblance.

Decisions have little bearing here unless predicated on statutes corresponding essentially with the Virginia Act, for we rely on its very terms for our opinion. In fairness, we do not stake our conclusion on the cases cited by the appellee sustaining dismissal of the suits against the carrier. These, unlike the case before us, are based on injuries or their aggravation arising subsequently to the original, compensable injury. Moreover, Fauver v. Bell, 192 Va. 518, 65 S.E.2d 575 (1951) might give ground for argument in Virginia for such claims, but certainly we do not now so decide or imply.

In fine, our conclusions conform to and further the compass intended for the Virginia Act by its authors. As was said in Feitig v. Chalkley, supra, 185 Va. 96, 38 S.E.2d 73, 75:

"It seems clear that it was the legislative intent to make the act exclusive in the industrial field so that, in the event of an industrial accident, the rights of all those engaged in the business would be governed solely thereby."

The order dismissing this action is

Affirmed.