**Bernard KOTARSKI, Special Administrator of the Estate of Frederick E. Gutowski, Deceased, Plaintiff-Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Defendant-Appellee.**

**No. 16869.**

United States Court of Appeals
Sixth Circuit.

Feb. 2, 1967.

George L. Downing, Detroit, Mich., Kelman, Loria, Downing & Craig, Detroit, Mich., on brief, for appellant.

Buell Doelle, Detroit, Mich., of Vandeveer, Haggerty, Doelle, Garzia, Tonkin & Kerr, Detroit, Mich., on brief, for appellee.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

The actions in the District Court and on appeal involve a question of interpretation of Michigan's Workmen's Compensation Act,[1] as to whether or not a workmen's compensation insurance carrier is immune to the provisions of the third party liability provision of the Workmen's Compensation Act, which allows an injured employee to accept workmen's compensation benefits, and also proceed against a third person who caused the injury. The complaint alleges that the insurance carrier voluntarily undertook to provide safety inspection services for the benefit of the employer and its employees and that as a result of its negligence one, Frederick E. Gutowski, an employee was killed. The action is maintained by Plaintiff-Appellant as special administrator of the estate of the deceased.

The District Court entered summary judgment for Defendant-Appellee, construing the Act as extending to the insurance carriers the immunity of the employer.

We affirm for the reasons stated in the Opinion of the District Court, reported in Kotarski v. Aetna Casualty and Surety Company, 244 F.Supp. 547.

1. Mich.Stat.Anno., Section 17.189, C.L.1948, § 413.15 [P.A.1952, No. 155].