**Elizabeth MUSTAPHA**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

Civ. A. No. 3210.

United States District Court
D. Rhode Island.

May 22, 1967.

Aram A. Arabian, Providence, R. I., for plaintiff.

John F. Dolan, Providence, R. I., for defendant.

OPINION

PETTINE, District Judge.

The issue before the court is one of initial impression never having been raised in this state since the adoption of the Rhode Island Workmen's Compensation Act in 1912.

This action is brought by Elizabeth Mustapha, an employee of Patton-Mac-Guyer Company, who was injured at the plant on September 4, 1962 in an accident arising out of and in the course of her employment. The defendant, Liberty Mutual Insurance Company, is the workmen's compensation insurance carrier for Patton-MacGuyer Company and has entered into payments of the statutory benefits to the plaintiff.

This action is brought pursuant to the third-party liability provision of the Rhode Island Workmen's Compensation Act, which allows an injured employee to accept workmen's compensation benefits and also proceed against a third person who caused the injury.

Section 28–35–58 of the Rhode Island General Laws reads as follows:

"Liability of third person for damages—

Where the injury for which compensation is payable under Chapters 29 to 38, inclusive, of this title, was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, both against that person to recover damages and against any person liable to pay compensation under said chapters for such compensation; and if the employee has been paid compensation under said chapters, the person by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of such indemnity shall be subrogated to the rights of the employee to recover damages therefor; provided, however, that when money has been

recovered either by judgment or by settlement by such employee from the person so liable to pay damages as aforesaid, by suit or settlement, and the employee is required to reimburse the person by whom the compensation was paid, the employee or his attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorneys fees which the amount which the employee is required to reimburse the person by whom compensation was paid bears to the amount recovered from the third party."

The plaintiff alleges in her complaint, paragraphs five, six and seven that:

a) The defendant, as workmen's compensation insurer of Patton MacGuyer Co., conducted periodic safety inspections of the Patton-MacGuyer machinery and plant;

b) that the defendant "had a duty based upon an undertaking which is distinct from the contract of workmen's compensation insurance, to inspect and provide safety measures in the operation and maintenance of said Patton-MacGuyer machinery and equipment" and

c) that the defendant negligently failed to perform this duty causing the plaintiff to be injured.

In other words, there is no allegation of a contractual undertaking but that the defendant voluntarily undertook to conduct the inspection in question.

The defendant moved under rule 50(a) of F.R.Civ.P. for a motion for directed verdict on the ground that it is not subject to liability as a third-party tortfeasor under the Rhode Island Workmen's Compensation Act. Defendant contends that as workmen's compensation insurer of plaintiff's employer, it shares the tort immunity of her employer from a third-party action under the provisions of the act.

Thus, the question before this court is entirely one of law: Is the workmen's compensation insurance carrier of the plaintiff's employer, who must pay the statutory benefits provided by the Rhode Island Workmen's Compensation Act, also subject to liability under the third-party liability provisions of that act (Sec. 28–35–58)?

In determining this question, the court must look to the scope and purpose of the act along with all the applicable provisions in order to get a more comprehensive insight as to what the legislature actually intended. The language of an act is, of course, the fundamental guide to legislative meaning and purpose, but it is the language of the act as a whole that is to be read and not the words of a section or provision in isolation. Elizabeth Arden Sales Corp. v. Gus Blass Co. (8 Cir. 1945), 150 F.2d 988, 993, 161 A.L.R. 370.

The scope and purpose of the act were set out for this court by Judge Day in Whitmarsh v. Durastone Co., (D. C.R.I.1954), 122 F.Supp. 806, 810.

"The Workmen's Compensation Act of Rhode Island provided a new system of compensation for personal injuries to employees arising out of and in the course of their employment. Provision is made therein for definite compensation to the employee or if death results from the injury to his dependents. (cases cited)

Its purpose was to provide a simple and expeditious procedure by which an employee or his dependents would receive from his employer compensation for injuries sustained in industrial accidents. It abolished the employee's right to maintain a common law action for his injuries against his employer who in turn was deprived of certain common law defenses previously available to him." Sec. 28–29–20.

It is clear a reading of the act shows that the legislature did not specifically grant immunity to a compensation insurer from being amenable to suit as a

third-party tortfeasor, but numerous provisions equating the workmen's compensation insurer with the employer does negative an intent to hold it, the insurer, liable to suit as a third party.

Several pertinent provisions of the act which point this up are:

Sec. 28–36–5—*Provisions covering entire liability—Direct liability of insurer*—"Every such policy shall cover the entire liability of the employer under chapters 29 to 38, inclusive, of this title, and shall contain an agreement by the insurer to the effect that the insurer shall be directly and primarily liable to the employee, and, in the event of his death, to his dependents, to pay to him or them the compensation, if any, for which the employer is liable."

Sec. 28–36–7—*Proceedings by employee against insurer or employer*—"Any employee entitled to compensation from his employer under chapters 29 to 38, inclusive, of this title shall, irrespective of any insurance contracts, have the right to recover such compensation directly from the employer or the insurer in the manner provided in said chapters, and, in addition thereto, the right to enforce in his own name, in the manner provided in said chapters, either by making the insurer or the employer a party to the original petition, or by filing against either a separate petition, to determine the liability of any insurer who may have insured the employer against liability for such compensation, or to determine the liability of the employer for such compensation * * *."

Considering these two sections together with Section 28–29–20, which provides that the right to compensation is in lieu of common law rights and remedies, the right of compensation from the workmen's compensation carrier bars, by its very language, a common law tort action against such workmen's compensation insurance carrier.

Section 28–36–8—*Subrogation of insurer to right of employer*—"When any employer is insured against liability for compensation and the insurer shall have paid any compensation for which the employer was liable, or shall have assumed the liability of the employer thereof, the insurer shall be subrogated to all the rights and duties of the employer and may enforce such rights in its own name."

Throughout the whole context of the act, the words "employer" and insurer are used interchangeably, thus denoting an equating of the two. See, for example, in addition to those already mentioned Sec. 28–35–3, Sec. 28–35–7, Sec. 28–35–13, Sec. 28–35–39, Sec. 28–35–40, Sec. 28–35–41, Sec. 28–35–45, etc.

Turning once more to the third party liability provision, Sec. 28–35–58, supra, it seems very doubtful, upon a close reading of it that the legislature ever contemplated a compensation insurer being brought in as a third party. The reasoning behind this statement is that there is a clear division between "a person so liable to pay damages" and "a person liable to pay compensation." As the defendant argues, a workmen's compensation insurer cannot be held to fit both of these descriptions. Also, the use of the words "some other person than" would seem to contemplate a stranger to the workmen's compensation agreement. In addition thereto, if this provision were interpreted in such a way as to make the insurer amenable to suit, then the insurer would in turn have the statutory right to sue itself. To say the least, this court finds such subrogation makes logic a foolish game. Certainly this was not intended by the legislature.

Courts in other jurisdictions whose Workmen's Compensation acts bear substantial resemblance to the Rhode Island act have been of great assistance to this court in their interpretation of the question now before the court.

In Donohue v. Maryland Casualty Co., (D.C.Maryland 1965), 248 F.Supp. 588, aff'd 363 F.2d 442, (4 Cir. 1966) it was determined that since the compensation insurer was performing a common law duty imposed on the employer to make reasonable inspections, it should also be

granted the same immunity that the employer enjoys under the applicable workmen's compensation statute.

Also in the case of Flood v. Merchants Mutual Ins. Co., 230 Md. 373, 187 A.2d 320 (1963) the court, at page 323, decided:

"* * * [t]hat section (Art. 101, Sec. 58), as noted above, allows actions against third parties liable for injury. It speaks of these parties as being 'some person other than the employer * * *.' Considering the employer and the insurer to be one and the same as far as the exclusiveness of the remedy is concerned, the appellant is precluded from maintaining his action under this section, since the insurer-appellee is not a third party as contemplated by § 58."

Similarly, in Hughes v. Maryland Casualty Co., 229 Mo.App. 472, 76 S.W.2d 1101 (1934) at page 1104 the court held that:

"The insurer is not a negligent third person, within the meaning of section 3309 (Mo.St.Ann. Sec. 3309, p. 8244). Section 3325 (Mo.St.Ann. Sec. 3325, p. 8262) provides that the liability of the employer shall be secondary and that of the insurer primary and the latter shall be directly liable to the insured employee, etc. A negligent third party, within the meaning of the act, is one upon whom no liability could be entailed under the act."

In another well reasoned opinion, the court in Kotarski v. Aetna Casualty and Surety Co., (D.C.Mich.1965) 244 F.Supp. 547, at page 558, aff'd 372 F.2d 95 (6 Cir. 1967) granting a motion for summary judgment for the defendant stated

"To hold that the defendant who, in performance of a function, necessitated by its role as workmen's compensation insurer, may be sued under the third-party liability provision, could have a decidely detrimental effect upon the entire compensation program as set up by the legislature. To be sure, as was said in Fabricius v. Montgomery Elevator Co., supra, it is doubtful that all insurers will leave the field. However, although the statute does not require insurers to inspect the buildings and equipment of employers, they must do so for their own protection. It would be economically foolish, as well as a waste of manpower resources, to allow accidents which could be easily prevented to occur. Certainly the insurance carrier presents an inviting target when the plaintiff is interested in circumventing the limited recoveries permitted and the immunities granted by the compensation act."

The court went on to say at page 559

"If an insurance company can escape tort liability altogether by not making any inspections on the premises of the insured, but may incur unlimited tort liability by making some inspections, it more than likely will decline to make any, unless required to do so by statute. The ultimate losers will be workmen and their families. The Workmen's Compensation Act is certainly concerned with better and safer inspection program works to achieve these statutory aims, as well as to protect itself. If insurers are to be held liable in tort, as well as for workmen's compensation, every time such an inspection fails to reveal a preventable accident, it would be in effect strict liability. Such additional liability should be imposed only by the legislature and not by the court. The Workmen's Compensation Act was passed to provide for strict liability of the employer, financed by insurance. Liability of the insurer as a negligent third party, when performing an act necessary to the proper carrying out of its function under the act, does not fit into the legislative program. In five states in which the problem of tort immunity has been specifically dealt with, the compensation carrier shares the employer's immunity. These states are Indiana, New Hampshire, New Mexico, Texas and Wisconsin."

Indisputably, there are decisions permitting a suit such as is now attempted

by the plaintiff: Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769 (1964); Mays v. Liberty Mutual Insurance Co., (3 Cir. 1963) 323 F.2d 174; Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 121 N.W.2d 361, 93 A.L. R.2d 591 (1963); Smith v. American Employers' Ins. Co., 102 N.H. 530, 163 A.2d 564 (1960).

Scrutiny of the respective Workmen's Compensation Acts in each case, however, will disclose that there are considerable dissimilarities between their Workmen's Compensation Acts and the Rhode Island Act.

In the Nelson case, supra, the Florida compensation act has no express provision making the insurer primarily and directly liable to the insured employee. In discussing this, the court specifically finds, 199 N.E.2d at page 786 that:

"Under the Florida act, a compensation carrier for an employer has neither the duty nor the liability to secure workmen's compensation for the employees of its insured, for the employees of its insured's subcontractors, and thus does not possess the essential requisite for tort immunity."

Also in this case, the majority stated after discussing a number of decisions from other jurisdictions,

"The ratio decidendi in all of the cases was that since the acts expressly charged the carriers with the liability of an employer, the carrier was likewise entitled to the immunities of an employer.

The Florida act has no comparable provision which expressly makes the insurer primarily and directly liable to an injured employee, and neither does it make express provision which permits the liability of the insurer to be substituted for the liability of the employer."

It must follow that if the Florida act had a provision similar to Section 28–36–5, the court would have decided that the workmen's compensation insurer does share the immunity of the employer from a third party action.

The New Hampshire provision, passed in June 1961, reversed the decision of the New Hampshire Supreme Court in Smith v. American Employers' Ins. Co., supra, in which it was held that an employer's insurer could be sued as a third-party tortfeasor under the New Hampshire Workmen's Compensation Act, which, incidentally, nowhere mentioned "insurance," only requiring that employers not financially able to bear damages themselves must post sufficient bond— Kotarski v. Aetna Casualty and Surety Co., (D.C.Mich.1965) 244 F.Supp. 547, 559, aff'd 372 F.2d 95 (6 Cir. 1967).

In Fabricius v. Montgomery Elevator Co., supra, there is no statutory third-party liability provision.

As has been shown, there are dissimilarities between the respective state Workmen's Compensation Acts, but irrespective of this, it is the court's opinion that the legislature never envisioned that the insurance carrier would be a third-party and it appears to this court that the whole purpose and scheme of the Rhode Island Act would be perverted if this court interpreted the act in any other manner than to conclude that the employer and insurance carrier have been equalized and although, the philosophy of some recent decisions might allow it, I think the better view is to make the compensation insurer immune from tort liability as the employer is and thus not amenable to suit as a third party.

This issue being determinative of the case before it, the court need not consider the question of the alleged defendant's negligence.

The defendant's motion is hereby granted.