Elizabeth MUSTAPHA, Plaintiff,
Appellant,

v.

LIBERTY MUTUAL INSURANCE COM-
PANY, Defendant, Appellee.

No. 6969.

United States Court of Appeals
First Circuit.

Dec. 21, 1967.

Aram A. Arabian, Providence, R. I.,
with whom George Berk, Providence, R.
I., was on brief, for appellant.

John F. Dolan, Providence, R. I., for
appellee.

Before ALDRICH, Chief Judge, Mc-
ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This case involves a question of inter-
pretation of the Rhode Island Workmen's
Compensation Act.[1] Plaintiff has been
receiving benefits under the Act from
the defendant, her employer's insurance
carrier. In this diversity suit she alleges
that the insurance carrier is also liable
in damages for common law negligence
arising out of the same accident. The
negligence relied upon stems from de-
fendant's alleged breach of its duty to
inspect and provide safety measures in
the operation and maintenance of the
employer's plant and machinery, as a
result of which plaintiff, a power press
operator in the plant, was severely in-
jured.

Viewing the liability question as one
of first impression, the trial court, after
a detailed analysis of the Rhode Island
Workmen's Compensation Act, ruled as
a matter of law that the defendant insur-
ance carrier is not subject to liability for
negligence under the third party liability
provisions of the Act[2] and directed a
verdict for the defendant.

Although we are not aware of
any case in which the Supreme Court of
Rhode Island has ruled explicitly on this
question, plaintiff calls our attention to
a recent decision of the Rhode Island

1. R.I.Gen.Laws 28–29 et seq. (1956).

2. R.I.Gen.Laws 28–35–58 (1956).

Superior Court,[3] handed down subsequent to the district's court's opinion, which embodies a contrary view. She urges that this decision is determinative of the question involved in this case and that under the *Erie* doctrine [4] this court is bound to follow it. We do not agree.

First of all, we do not read the Superior Court decision as constituting a holding that an employer's workmen's compensation carrier is subject to third party liability for negligence under the Rhode Island Act. Plaintiff had alleged that defendant insurance company had "caused the wrongful death of her husband by wrongful act. * * *" This language, the court said, stated a claim upon which relief could be granted. The court, after denying defendant's motion to dismiss, said, "Aside, it may be noted that if defendant actually made an inspection and negligently failed to discover a danger or having discovered it failed to warn of the danger, defendant may be held liable in negligence." It then indicated that such a doctrine had been applied to a case arising under the New Hampshire statute, Smith v. American Employers' Ins. Co., 102 N.H. 530, 163 A.2d 564 (1960).[5] We therefore do not construe the Rhode Island case as a decisive interpretation of Rhode Island law, such that a federal court would be obligated to follow it. See Commissioner of Internal Revenue v. Bosch's Estate, 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967).

In our opinion a plain reading of the Rhode Island Act supports the trial court's interpretation and we affirm the trial court's decision for the reasons stated in its opinion. Mustapha v. Liberty Mut. Ins. Co., D.C., 268 F.Supp. 890 (May 22, 1967).[6]

Affirmed.

---

3. Peabody v. Ins. Co. of No. America, C.A. No. 66–112, Superior Court for Washington County, decided June 30, 1967. This decision was rendered on defendant's motion to dismiss the complaint on the pleadings. The case is still pending in the Superior Court.

4. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. This decision, as the district court noted, was in effect reversed in 1961 by action of the New Hampshire legislature.

6. For similar constructions of similar provisions of workmen's compensation statutes in other states, see Kotarski v. Aetna Cas. & Sur. Co., 244 F.Supp. 547 (E.D.Mich.1965), aff'd 372 F.2d 95 (6th Cir. 1967); Donohue v. Maryland Cas. Co., 248 F.Supp. 588 (D.Md.1965), aff'd 363 F.2d 442 (4th Cir. 1966); Williams v. United States Fid. & Guar. Co., 358 F.2d 799 (4th Cir. 1966); Bartolotta v. United States, 276 F.Supp. 66 (D. Conn., November 2, 1967).