# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Wilkins

v.

Harford Insurance Co., et al.

## August 10, 1993

## Case No. (Law) CL930131

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on the demurrers of Defendants to the multi-count motion for judgment. For the reason discussed, the demurrers must be sustained.

The factual premises for this action arise out of a long and bitterly-contested workers compensation case. The Defendants are the employer of Plaintiff, its insurer and an adjuster for the company, the lawyer for the insurance company, and the two law firms by which the attorney was employed during the course of the compensation case.

Multiple causes of action including abuse of process and malfeasance, breach of contract, bad faith, fraud, malicious prosecution, and a proposed amendment to add a claim of intentional infliction of emotional harm are asserted by Plaintiff. As to the Defendants Baker and the two law firms by which he was employed during the course of the compensation claim, the demurrers will be sustained.

The claim for abuse of process and malfeasance designated as Count II fails to state the necessary facts to recover for such cause of action. The use of appropriate process, even though for a wrongful purpose, is not malicious abuse of process. *Donohoe Construction v. Mount Vernon Associates*, 235 Va. 531 (1989). In addition, no facts are alleged

nor can the Court discern the factual basis for the alleged cause of action of "malfeasance."

The breach of contract claim, designated as Count III, is premised upon the theory that Plaintiff is a third-party beneficiary to the contract of insurance between his employer and its insurer. Further, Plaintiff argues that this theory extends to the contract between the insurer and its counsel. Such is not the law. Even if Plaintiff were a third-party beneficiary to the contract of insurance by virtue of § 65.2–811, this would not extend to the contract between the insurer and counsel unless that contract was expressly intended to benefit Plaintiff. Clearly, in such an adversarial arena, the attorney's contract with the insurance company could not be construed to benefit Plaintiff. Hence, Plaintiff's breach of contract claim fails as to these Defendants.

In Count IV, Plaintiff alleges that Defendants' activities "constituted an exercise of tortious bad faith in violation of the common law and statutory law . . . ." There is no cause of action for "tortious bad faith" recognized in Virginia. *See, Bettius v. National Union Fire Insurance Co.*, 839 F.2d 1009 (4th Cir. 1987).

Count V alleges fraud by an indication of "acting in good faith" when "in actuality, they were acting in bad faith and in a fraudulent manner . . . ." Such allegations are insufficient to state a claim for fraud. Fraud must be pleaded with specificity, and no allegation is made of a misrepresentation of an existing fact upon which Plaintiff relied to his detriment; hence, common law fraud has not been alleged.

Malicious prosecution is alleged in Count VI. However, Plaintiff fails to allege the special injury required as a result of Defendants' action. *Ayyildiz v. Kidd*, 220 Va. 1080 (1980).

Plaintiff's proposed amendment to add a count for intentional infliction of emotional harm, dealt with here by agreement of the parties, must likewise fail. As a matter of law, the factual allegations do not support a claim for intentional infliction of emotional harm as the conduct alleged is not outrageous and intolerable, nor does it offend generally-accepted standards of decency and morality. *See, Womack v. Eldridge*, 215 Va. 338, 342 (1974).

Therefore, the demurrers of Defendants Baker, Friedlander, Misler, Freidlander, Sloan and Herz, and Mell and Brownell will be sustained. Leave will be granted Plaintiff to amend Counts II, V and VI if he chooses.

As to Defendants Harford Mutual and Gentner, the issues are somewhat different. In addition to the questions raised as to the sufficiency of the pleadings, the question here is the exclusive nature of the remedy of the Workers' Compensation laws. Code of Virginia, § 65.1–307 provides that an employee's exclusive rights to compensation are under the Act and "shall exclude *all* other rights and remedies of such employee . . . ." (emphasis added). *Williams v. United States Fidelity and Guaranty Co.*, 358 F.2d 799 (4th Cir. 1966). While § 65.1–811 provides that certain provisions of the contract of insurance constitute a direct promise to the employee and are "enforceable in his name," the legislature did not intend to create an independent cause of action. The enforceability of the insurer's promise to pay promptly lies within the framework of the Virginia Workers' Compensation Commission. The remedy for the intentional conduct alleged here is provided for in Code of Virginia, § 65.1–524, and Rule 1G of the Commission. No independent cause of action exists for this alleged misconduct. Cf. *McGreavy v. Racal-Dana*, 690 F. Supp. 468 (E.D. Va. 1988).

For the reasons stated and based upon the rulings as to the other Defendants as well, the demurrers of Harford and Gentner will be sustained and the case dismissed as to them.