John C. HEINS and Martha R. Heins, Appellees,

v.

CITY OF CEDAR RAPIDS, Iowa, Appellant.

No. 2–56947.

Supreme Court of Iowa.

June 25, 1975.

David F. McGuire, Cedar Rapids City Atty., and Judith W. Redmond and David P. McManus, Cedar Rapids Asst. City Attys., for appellant.

F. James Bradley and Robert B. Ward, Cedar Rapids, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

UHLENHOPP, Justice.

In this appeal we construe §§ 391.48 and 441.21(1) of the 1973 Code insofar as they relate to "actual value" of agricultural property.

Appellees John C. and Martha R. Heins own a farm which they have used at all pertinent times for agricultural purposes. The farm is within the limits of appellant City of Cedar Rapids, Iowa, and abuts a hard-surfaced highway. Formerly the highway had two lanes, but the City widened it to four lanes and levied special assessments against abutting lands for the cost. In valuing appellees' farm in the special assessment proceedings, the City considered potential non-agricultural uses of the farm, which substantially increased the value of the land over its value as a farm only.

Appellees appealed to district court on three bases. We are not at this time concerned with the second and third bases. The first basis was that the City violated the following portions of §§ 391.48 and 441.21(1), Code 1973:

§ 391.48. When any city council levies any special assessment for any public improvement against any lot, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five percent of the *actual value* of the lot at the time of levy, and the last preceding assessment roll shall be taken as prima facie evidence of such value. (Italics added.)

§ 441.21(1) . . ... In assessing and determining the *actual value* of agricultural property fifty percent consideration shall be given to each of the following factors:

a. The productivity and net earning capacity determined *on the basis of the use for agricultural purposes* capitalized at a rate representing a fair return on the investment, such rate to be established by the state board of tax review and applied uniformly among counties and among classes of property.

b. The fair and reasonable market value of such property as defined herein, but such market value *shall be based only on its current use and not on its potential value for other uses.* . . .

"*Actual value*", "taxable value", or "assessed value" *as used in other sections of the Code* shall mean the valuations as determined by this section; however, *other provisions of the Code providing special methods or formulas* for assessing or valuing specified property shall remain in effect, but this section shall be applicable to the extent consistent with such provisions. (Italics added.)

After the City filed its answer, appellees moved for an adjudication, as a point of

law, that their property is to be valued in the special assessment proceedings exclusively for use as a farm. At the hearing on the motion, the parties stipulated that the property was at all relevant times used only for agricultural purposes. The trial court held that the City "must determine actual value of such property according to the provisions set out in Section 441.21 of the Iowa Code, and further, that having determined such actual value in such a manner the assessment cannot exceed 25% of said actual value as provided in Section 391.-[48]." In the course of its order, the trial court also stated that appellees' farm received no special benefits from the four-lane highway.

We granted the City permission to take an interlocutory appeal.

I. Is the "actual value" of farm land for special assessment purposes under § 391.48 to be determined in accordance with § 441.21? We think the answer turns upon the clear language of those sections. We do not resort to rules of construction when the terms of a statute are unambiguous. Kruck v. Needles, 259 Iowa 470, 144 N.W.2d 296.

Section 441.21 states (1) that in determining the values of agricultural property, only the current use and not potential uses shall be considered and (2) that "actual value" as used in other sections of the Code means the value as ascertained by § 441.21 except in cases of "other provisions of the Code providing special methods or formulas . . . ." Section 391.48 is another provision of the Code but it provides no special methods or formulas. Therefore § 441.21 controls the meaning of "actual value" in § 391.48, as the trial court held.

The City argues that prior to enactment of § 441.21, a city could consider potential uses of any land in ascertaining its value in special assessment proceedings. Riepe Estate v. City of Burlington, 199 Iowa 373, 202 N.W. 78; Toben v. Town of Manson, 193 Iowa 750, 187 N.W. 599; Belknap v. City of Onawa, 192 Iowa 1383, 186 N.W.

452. The City contends that "actual value" in § 391.48 read in the light of these decisions, means value after consideration of potential uses. Hence, the City asserts, § 391.48 contains "special methods or formulas" for finding actual value. Section 441.21 in its present form was, of course, enacted after the cited cases were decided.

The difficulty with the City's line of reasoning is that § 441.21 allows departure from its own definition of actual value only in situations of "other *provisions* of the Code *providing* special methods or formulas"—not special methods or formulas arising from judicial interpretations of other code sections. (Italics added.) Since § 391.-48 does not itself provide special methods or formulas, we cannot accept the City's argument.

We hold, therefore, the trial court correctly adjudicated that "actual value" of farm property under § 391.48 means actual value under the formula in § 441.21(1).

II. The trial court's statement in its order that appellees' farm receives no benefits from the four-lane highway goes beyond the motion to adjudicate law points. See Carter v. Jernigan, 227 N.W.2d 131 (Iowa). We therefore reverse that portion of the order and leave that issue open. We remand the case to district court for further proceedings.

Affirmed in part, reversed in part, and remanded.