**Chester J. BOWEN and Jeanne Bowen, Appellants,**

v.

**Israel E. KAPLAN and Western Casualty & Surety Company, Appellees.**

**No. 2–56893.**

Supreme Court of Iowa.

Jan. 21, 1976.

Ronald E. Runge, of Runge & Runge, Sioux City, for appellants.

Duncan M. Harper, of Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, for appellees.

Submitted to MOORE, C. J., and MASON, LeGRAND, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

We affirm a ruling of the trial court sustaining a motion to dismiss an action brought against a workmen's compensation insurance company. The principal theory was negligent inspection and the parties dispute whether there was an additional claim of failure to inspect.

Plaintiffs' petition alleges Chester J. Bowen was injured in an industrial accident November 22, 1971 while operating a fork lift in a cold storage company building. It is alleged an elevator shaft was improperly left open so as to cause Bowen to fall down the shaft.

Plaintiffs, Bowen and his wife, brought suit against the owner of the building in which the accident occurred. Those claims are not involved in this appeal.

Plaintiffs also sued Western Casualty & Surety Company (defendant) on a theory similar to that involved in *Fabricius v. Montgomery Elevator Co.*, 254 Iowa 1319, 121 N.W.2d 361 (1963). That theory allowed recovery for resulting damages where a " * * * workmen's compensation insurance carrier * * * reserved unto itself the right to inspect the work places, machinery and equipment covered by [a] policy, though it was not obligated to do so under its policy, but did so undertake to inspect and did so negligently, in that it failed to inspect, failed to properly inspect, failed to notify and recommend * * *." 254 Iowa at 1320–1321, 121 N.W.2d at 362.

Defendant filed a motion to dismiss plaintiffs' petition on the general ground it did not state a cause of action. No record was made on the submission of this motion. It was sustained by the trial court without explanation. Plaintiffs appeal from that ruling.

I. For some inexplicable reason defendant has expended no effort to seek affirmance of the trial court's ruling in its favor. Defendant has filed no brief and argument. Except for concessions in plaintiffs' brief and argument we would be left to speculate

wildly upon the theory or reasons behind defendant's motion or the trial court's ruling sustaining it.

Under rule 343(c), Rules of Civil Procedure, we customarily deny oral argument to an appellee who fails to timely file a brief on appeal. In addition we note and expressly approve the following:

■ "On the failure of the appellee to file a brief, the appellant is not entitled to a reversal as a matter of right, but the court may, within its discretion, handle the matter in a manner most consonant with justice and its own convenience. It will not search the record to find a theory upon which to affirm the judgment and may confine itself to the objections raised by the appellant or treat the failure to file a brief as a concession of the truth of the facts as stated by appellant, or even as a confession of error, if the appellant's brief appears reasonably to sustain such action." 5 Am.Jur.2d, Appeal and Error, § 686, p. 132.

In the present case plaintiffs, who perhaps did not anticipate defendant's later failure, supplied the crucial information in their own brief and argument. They explain:

"The defendant based [its] motion to dismiss upon the existence of Section 88A.14 of the 1971 Code of Iowa [since repealed], which statute was in force at the time of plaintiff's injury."

■ Therefore, in accordance with the foregoing standard, we choose to examine the effect of that statute upon plaintiffs' suit against defendant.

II. Immediately after the filing of our opinion in *Fabricius*, supra, the General Assembly enacted Acts of the 61st G.A., 1965 Regular Session, ch. 107, § 14, which became § 88A.14, The Code, 1971. That section, since repealed, accorded the labor commissioner and inspectors of the department of labor the right to enter and inspect any place of employment. It further provided:

"The labor commissioner may accept, without cost to the state, inspections performed by insurance company inspectors or other qualified inspectors when evidence of their qualifications satisfactory to the labor commissioner has been furnished. *No inspection of any place of employment made by insurance company inspectors* or other inspector *shall be the basis for the imposition of civil liability* upon the inspector or *upon the insurance company* or other person employing the inspector; but this provision refers only to liability arising out of the making of an inspection and shall not be construed to deny or limit the liability of any employer to his employees or the liability of any insurance carrier on its insurance policy." (Emphasis added.)

■ We explained the guidelines by which we determine whether a petition states a cause of action in *Murphy v. First Nat. Bank of Chicago*, 228 N.W.2d 372, 375 (Iowa 1975). Under those guidelines a motion to dismiss is sustainable only where it appears to a certainty the pleader has failed to state a claim upon which any relief may be granted under any state of facts which could be shown in support of the claim asserted. Even under this strict test we believe the motion was properly sustained.

■ It is obvious the General Assembly enacted § 88A.14, The Code, 1971, to overrule our holding in *Fabricius*. See II Larson on Workmen's Compensation Law, § 72.90, p. 14–123 (1975). The terms of the statute are unambiguous and accordingly we have no need to resort to rules of construction. *Heins v. City of Cedar Rapids*, 231 N.W.2d 16, 18 (Iowa 1975).

III. Plaintiffs argue the section protects against civil liability only for the making of a faulty inspection and not from the failure to make any inspection. We have some doubt that plaintiffs' petition alleges there was a failure to make any inspection. In any event we believe there is no liability for a failure by a workmen's compensation carrier to make a gratuitous inspection. The statute clearly, and we think deliberately, avoided imposing any duty for such an in-

spection. If there is no duty to act there can be no liability for failure to act. *Frantz v. Knights of Columbus*, 205 N.W.2d 705, 708 (Iowa 1973); *Williams v. Cohn*, 201 Iowa 1121, 1122, 206 N.W. 823, 824 (1926); Prosser Law of Torts (Fourth Ed. 1971), § 30, p. 143.

We note the recovery allowed in *Fabricius*, supra, was based on an inspection gratuitously *undertaken*. We pointed out the liability was bottomed upon the faulty inspection, not the absence of any inspection. We said:

" * * * Defendant strongly urges what it calls practical effects and sound public policy. It suggests curtailment of inspections by insurers and discontinuing by insurers of writing workmen's compensation insurance in Iowa. *Plaintiff's answer is, no inspection is better than a negligent one. We are inclined to agree. * * *.*" (Emphasis added.) *Fabricius*, 254 Iowa at 1327, 121 N.W.2d at 366.

Since it is true a poor inspection is worse than no inspection we do not believe the legislature intended adoption of a rule which would leave insurers liable for no inspection but immunize them from liability after undertaking a poor one.

Section 88A.14, The Code, 1971, protected defendant from any relief upon a claim for negligent inspection, or from electing not to inspect.

Affirmed.