REQUESTED BY: Dear Senator:
In your letter of February 16, 1977, you asked our office to review LB 130 in light of `. . . any problem with constitutionality.' LB 130 creates and defines an `integrated corporation' as a corporation where (1) the corporate stock has majority ownership by another corporation, or (2) the corporation owns the majority stock in another corporation, or (3) the corporation processes, sells at wholesale or sells at retail more agricultural products, except lumber and poultry, than it produces.
LB 130 defines and limits the ability of an integrated corporation to own or control Nebraska real estate.
The proposed law amends sections 76-402, and 76-413, R.R.S. 1943, and generally treats integrated corporations like foreign corporations for the purposes of acquiring or owning any real estate situated in Nebraska. These limitations on `integrated corporations' must be read to apply only to Nebraska corporations because any corporation organized under laws other than the laws of this state is considered a foreign corporation, which is already limited by virtue of existing law in its ability to own real estate in Nebraska.
Therefore, the primary constitutional question raised by LB 130 is whether the Legislature may limit the ability of a certain type of Nebraska corporation to acquire and hold real estate situated in this state.
A corporation is an artificial person, created by and deriving its powers from legislative enactment. NebraskaWheat Growers' Association v. Smith, 115 Neb. 177,212 N.W. 39 (1927). The ability of a corporation to hold and acquire real estate was discussed in Tash v. Ludden, 88 Neb. 292,129 N.W. 417 (1911), where the court noted:
 "All corporations capable of taking and holding property have the jus disponendi as fully as natural persons, except so far as they are restrained by statute, or are prohibited by their articles of incorporation or outstanding contracts; and under this general power a corporation may dispose of the whole of its property for any lawful purpose." Id.; Price v. Fraser, 119 Neb. 806, 809, 231 N.W.2d 18, 21 (1930).
The Nebraska Constitution sets out the procedure for the Legislature to follow in granting certain powers to corporations. At Article XII, Section 1, the Constitution provides in pertinent part:
 "The Legislature shall provide by general law for the organization, regulation, supervision and general control of all corporations, . . . No corporations shall be created by special law, . . ., except those corporations organized for charitable, educational, penal or reformatory purposes, which are to be and remain under the patronage and control of the state. . . ." (Emphasis added)
The Nebraska Constitution further provides, at Article III, Section 18, that the Legislature shall not pass local or special laws in any of the following cases:
 ". . . Granting to any corporation, association, or individual any special or exclusive privileges, . . . In all other cases where a general law can be made applicable, no special law shall be enacted."
It is our opinion that LB 130 attempts to regulate a certain type of Nebraska corporation by special, as opposed to general law. The proposed legislation appears to be in contravention of the Nebraska constitutional provisions set out above. The general law currently applicable to all Nebraska private corporations is the Nebraska Business Corporation Act, section 21-2001 et seq., R.R.S. 1943. This law provides at section 21-2004(4) that every domestic corporation shall have power:
 "To purchase, take, receive, lease, or otherwise acquire, own, hold, improve, use and otherwise deal in and with real or personal property, or any interest therein, . . ."
The rationale underpinning the constitutional prohibition against special legislation for the regulation of corporations is set out in Wittler v. Baumgartner, 180 Neb. 446,144 N.W.2d 62 (1966), where the court said:
 ". . . `The legislature may legislate in regard to a class of persons, but they cannot take what may be termed a natural class of persons, split that class in two, and then arbitrarily designate the dissevered fractions of the original unit as two classes, and enact different rules for the government of each.'. . ." 180 Neb. at 457; see also City of Scottsbluff v. Tiemann, 185 Neb. 256, 266, 175 N.W.2d 74 (1970).
LB 130 attempts to regulate integrated corporations in the same way the existing law already regulates foreign corporations. However, our conclusions in regard to this legislation do not mean that the Legislature cannot similarly regulate a foreign corporation. Foreign corporations are separately treated in respect to the general law of the Nebraska Business Corporation Act. See section 21-2,120, R.R.S. 1943. Foreign corporations are separately addressed in Article XII, Section 1 of the Nebraska Constitution. More importantly, the Nebraska Supreme Court has recognized that the public policy of this state directs against the acquisition of title to Nebraska real estate by foreign corporations.In Re Estate of Robinson, 138 Neb. 101,292 N.W. 48 (1940).
These distinctions in the regulation of domestic and foreign corporations, as set out in the general and constitutional laws of Nebraska, underscore the reason we believe that LB 130 is constitutionally suspect. Existing constitutional and general law, as outlined above, already regulates all Nebraska corporations, whether integrated or not. LB 130 attempts to change that general law in regard to a specific type of Nebraska corporation. Neither the state Constitution nor the Nebraska Business Corporation Act make any reference to separate legislative treatment of `integrated corporations.' Therefore, it is our opinion that LB 130 would be regarded as special legislation in regard to the regulation of a domestic corporation, and in violation of Nebraska constitutional law.