**IN THE COURT OF APPEALS OF IOWA**

No. 15-0652
Filed December 9, 2015

**STATE OF IOWA,**
    Plaintiff-Appellant,

**vs.**

**STACEY MARIE HAGGE,**
    Defendant- Appellee.
_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

The State appeals from the district court's grant of Stacey Hagge's motion to suppress. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellant.

Robert J. McGee of Robert J. McGee, P.C., Clinton, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ. Tabor, J., takes no part.

**DANILSON, Chief Judge.**

The State sought interlocutory appeal from the district court's grant of Stacey Hagge's motion to suppress. The supreme court granted the request and transferred the matter to this court.[1] We conclude the district court erred in granting the motion to suppress, and we reverse and remand for further proceedings.

The district court found these facts:

> Officer Anthony Stone has been a Clinton Police Department officer for 14 years. In that time he has become a senior Field Training Officer for the Clinton Police Department, and he currently is the Department's trainer for Field Sobriety Tests and [operating while intoxicated] OWI stop and processing procedures. On December 28, 2014, he was on duty with the Clinton Police Department, and at approximately 7:35 p.m., Officer Stone received a dispatch from Communications from a 911 call indicating a "very drunk woman getting ready to leave the Pizza Hut, about 60 years of age, still in the store." This information was relayed to Officer Stone, and he was advised that the Pizza Hut was on North Second Street in Clinton, Iowa.
> Officer Stone testified he was on South Second Street at the time in the area of Hardee's and began traveling northbound while receiving the information from Dispatch. The information from Dispatch continued that the caller was the manager of the Pizza Hut and that the woman was observed to be very drunk, was leaving, and getting in a car. The manager described the car and the license plate of the car, and this was relayed to Officer Stone. Dispatch ran the plate and determined the owner of the vehicle and the home address of the owner, and Officer Stone was aware of the address and began traveling towards that address. Officer Stone made contact with the Defendant's vehicle at approximately the 3100 block of North Third Street in Clinton, Clinton County, Iowa. He was the second vehicle behind the Defendant's vehicle when he made contact. He observed the Defendant's vehicle make a left-

---

[1] Hagge has not filed an appellee's brief. The appellant is not entitled to automatic relief, however, as we "handle the matter in a manner most consonant with justice and [our] own convenience." *Bowen v. Kaplan*, 237 N.W.2d 799, 801 (Iowa 1976); *see also State ex rel. Buechler v. Vinsand*, 318 N.W.2d 208, 209 (Iowa 1982). We will confine our analysis to the State's objections to the district court's ruling, "and we will not go beyond the controverted rulings of the trial court in searching for theories upon which to affirm." *Vinsand*, 318 N.W.2d at 209.

hand turn at 33rd Avenue North, and after the car ahead of him continued north, he too turned left on 33rd Avenue North. Upon completing his turn, the officer testified he observed the Defendant make a wide turn at 33rd Avenue North and, in testimony, testified he believed she may have struck the curb on 33rd Avenue North. He then confirmed with Dispatch that the 911 caller had left contact information, and he stopped the Defendant's vehicle. Following the testimony of Officer Stone, the Court notes from taking judicial notice of the Affidavit filed by him herein that he states at the end of the first paragraph: "I drove toward 550 Scenic Drive. I saw the Chrysler with Iowa plate AYF699 make a wide turn from North Third Street onto 33rd Avenue North. I confirmed with the Law Center that McRoberts left his contact information. I initiated a traffic stop at Scenic Drive and Tower Road." The Court notes in the Affidavit there is no mention by the officer that he believed the Defendant had perhaps struck the curb. The officer then processed the Defendant for Operating While Intoxicated and, in the course of processing, also charged her with Assault on a Police Officer.

The Defendant testified that she was the driver of the vehicle, she did turn left from North Third Street onto 33rd Avenue North, and she did not strike the curb.

The district court found this case indistinguishable from *State v. Kooima*, 833 N.W.2d 202 (Iowa 2013), and determined the stop of Hagge's vehicle was constitutionally unreasonable. The State appeals.

We review constitutional claims de novo. *Kooima*, 833 N.W.2d at 205.

*Kooima* was recently discussed in *State v. McNeal*, 867 N.W.2d 91 (Iowa 2015). Our supreme court explained:

> In [*Kooima*, 833 N.W.2d at 204], police received an anonymous tip from a restaurant patron who claimed to have seen several men drinking before they left the restaurant in a motor vehicle. Police followed the vehicle and, despite observing no traffic violations, stopped it. *Id.* at 205. In concluding the stop violated the Fourth Amendment, we noted:
>> Cases holding an anonymous tip had the sufficient indicia of reliability to justify the stop contain three common elements. First, the tipster gave an accurate description of the vehicle, including its location, so the police could identify the vehicle. Next, the tipster based his or her information on personal, eyewitness observations made contemporaneously

> with a crime in progress that was carried out in public, identifiable, and observable by anyone. . . . Finally, the caller described specific examples of traffic violations, indicating the report was more than a mere hunch. . . .
>
> On the other hand, when the anonymous tip does not include details pertaining to the tipster's personal observation of erratic driving, other facts that would lead to a reasonable inference the tipster witnessed an intoxicated driver, or details not available to the general public as to the defendant's future actions, state supreme courts have ruled the stop violated the Fourth Amendment.

*Id.* at 208–09, 211.

> Accordingly, we held that when the sole basis for an automobile stop is
>
> > a bare assertion by an anonymous tipster, without relaying to the police a personal observation of erratic driving, other facts to establish the driver is intoxicated, or details not available to the general public as to the defendant's future actions[, the tip] does not have the requisite indicia of reliability to justify an investigatory stop. Such a tip does not meet the requirements of the Fourth Amendment.

*Id.* at 210–11.

> In this case, however, Officer Harris *independently* verified three of the four components contained in the tip.

*McNeal*, 867 N.W.2d at 101.

Unlike *Kooima*, the case before this court does not involve an anonymous tipster. In addition to identifying himself, the 911 caller gave his location and the reason he was able to observe Hagge's intoxication. Information imparted by a citizen informant is generally considered reliable. *See State v. Niehaus*, 452 N.W.2d 184, 189 (Iowa 1990). Here, the citizen informant also informed dispatch that he was the manager of a Pizza Hut, and we can infer the observations were made in or near that establishment as she was just leaving the Pizza Hut. The citizen informant also described the make and color of the vehicle Hagge was driving, provided the license plate number, and explained what direction Hagge

was traveling as she left the Pizza Hut. The caller was known to the officer and had provided reliable and truthful information in other cases involving theft at the restaurant.

Officer Stone learned the car was registered to Denis Hagge and was provided Hagge's address. Officer Stone successfully intercepted the car when he took the route he assumed it would take in returning to that address from the Pizza Hut. He followed the car and observed it make a wide left turn off of North Third Street onto 33rd Avenue North and also saw the car bounce when it turned the corner and believed it had hit the curb.

> To justify such a stop on the basis [a driver] was intoxicated and briefly detain him for investigatory purposes, the police need only have reasonable suspicion, not probable cause, to believe criminal activity has occurred or is occurring. When a person challenges a stop on the basis that reasonable suspicion did not exist, the State must show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred.

State v. Tague, 676 N.W.2d 197, 204 (Iowa 2004) (citation omitted). Whether reasonable suspicion exists for an investigatory stop must be determined in light of the totality of the circumstances confronting the officer. Id.

Based on the totality of the circumstances, including an identified citizen caller and the independent verification of a number of details,[2] we conclude the officer had reasonable suspicion to stop Hagge's vehicle.

---

[2] See State v. Walshire, 634 N.W.2d 625, 628 (Iowa 2001) ("When the officers found the informant to be accurate concerning the vehicle's description and location, they had reason to believe the informant was also accurate as to the alleged criminal activity. Because an informant is shown to be right about some things, he is probably also right about other facts that he has alleged, including the claim that the object of the tip is engaged in criminal activity." (citations and internal quotation marks omitted)).

We therefore conclude the district court erred in granting the motion to suppress. We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**