# IN THE COURT OF APPEALS OF IOWA

No.14-1800
Filed March 22, 2017

IN RE THE MARRIAGE OF FRANCIS NEIL SADLER
AND JULENE MARRE SADLER

Upon the Petition of
**FRANCIS NEIL SADLER,**
        Petitioner-Appellee,

**And Concerning**
**JULENE MARRE SADLER, n/k/a**
**JULENE MARRE CHRISTENSEN,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Madison County, Randy V. Hefner,

Judge.

        Julene Sadler, now Julene Christensen, appeals the economic provisions

of the decree dissolving her marriage to Francis Sadler.  **AFFIRMED.**

        Julene Marre Christensen, Bucklin, Missouri, appellant pro se.

        Francis Neil Sadler, Winterset, appellee pro se.

        Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Julene Sadler, now known as Julene Christensen, was married to Francis Sadler on August 7, 2010.[1] Julene is a self-employed landscaper. Francis is an accountant.[2] Julene and Francis had dated for about two years prior to getting married. Julene came to the marriage with her business and no debts. Francis owned a house before they married, which did not sell for quite some time during which Francis made no payments on it. Two weeks before they married, Julene and Francis moved into a house on an acreage, which was titled in Francis's name only. The couple maintained animals (including chickens) on the property and sold them, which allowed the couple to deduct farming expenses from their taxes. Julene kept items on the acreage used in her landscaping business, including tools, fencing, and flagstone.

Julene and Francis separated in December 2013. Julene sought a protective no-contact order, asserting domestic abuse. No finding of abuse was made;[3] however, the two consented to a mutual no-contact order during the pendency of dissolution proceedings. Julene stayed in the marital residence and used a 2009 Silverado truck titled to Francis.

Francis and Julene testified about their various assets, the values of those assets, and whether each considered the assets premarital, gifted, or marital. Francis introduced market analyses of the house and acreage,[4] one determined

---

[1] This was Julene's sixth marriage and Francis's second.
[2] Francis closed his business in 2012 when he experienced severe depression.
[3] On appeal, Julene argues she was a victim of domestic abuse. However, no finding of abuse was ever made.
[4] The land was thirty acres of which ten acres were cropland, twelve acres were timber, and the remainder was mowed. While the parties were married, they erected two out

the fair market value was $236,000; the other valued the property between $248,000 and $252,000. After the dissolution trial, the district court dictated its findings of fact and conclusions of law into the record. A written decree followed. The court found the marital residence to be a marital asset and valued it at $250,000, subject to a mortgage debt of $122,142. The court found Francis entitled to a credit of $29,653 against the marital equity for his down payment on the property and acknowledged the residence's remaining net equity should be divided between the parties. The division was via an equalization payment as the residence was awarded to Francis.

The court placed values on the disputed items. The court ordered Julene to return the Silverado to Francis. The court distributed items and debts, and ordered an equalization payment of $29,325 to Julene, less payment of utilities for the time she occupied the marital residence during the separation, a portion of a tax debt, and ten months of vehicle payments on the Silverado, for a net total of $25,205 owed by Francis to Julene, which Francis was to pay within one year. The court allowed Julene two weeks to retrieve her items from the marital property.

On appeal, Julene takes issue with the court's valuation and the distribution of the parties' assets. Francis's appellate brief was stricken by the supreme court. "[T]he appellant is not entitled to a reversal as a matter of right, but the court may, within its discretion, handle the matter in a manner most consonant with justice and its own convenience." *Bowen v. Kaplan*,

---

buildings: a forty-foot by forty-foot steel utility building with a forty-foot lean-to on one side, and a twenty-foot by fifty-foot lean-to.

237 N.W.2d 799, 801 (Iowa 1976). We will not "search the record to find a theory upon which to affirm the judgment" but confine ourselves to the objections raised by the appellant. *Id.*

Upon our de novo review, *see* Iowa R. App. P. 6.907, we find no failure to do equity here. *See In re Marriage of Romanelli*, 570 N.W.2d 761, 763 (Iowa 1997) ("Although our review of the trial court's award is de novo, we accord the trial court considerable latitude in making this determination and will disturb the ruling only when there has been a failure to do equity." (citation omitted)). The court's valuations were within the range of the evidence presented. *See In re Marriage of Hansen*, 733 N.W.2d 683, 703 (Iowa 2007). We are unable to reopen the record for an appraisal of the value of the farm. The court considered the parties' testimony and equitably distributed the property, rejecting Julene's claims that a four-wheeler and several tons of flagstone were gifts that should not be considered to be marital property. We give weight to the trial court's implied credibility finding in this regard. *See In re Marriage of Hoffman*, 867 N.W.2d 26, 38 (Iowa 2015) ("It is well-settled that '[b]ecause [the] trial court was present to listen and observe the witnesses, we give weight to its findings.'" (citation omitted)).

Although we acknowledge some difficulty in following the district court's financial calculations of the equalization payment, we note Julene is leaving the marriage without any obligation to pay the marital debt and with an equalization payment that is reasonable in light of the short marriage and the other facts and circumstances. *See In re Marriage of Hansen*, 886 N.W.2d 868, 873 (Iowa Ct. App. 2016) (noting that to achieve equity between the parties in a short-term

marriage, an equalization payment is not always required). Consequently, we affirm the decree in all respects.

Julene contends she was unable to retrieve her property in the time allotted and Francis subsequently "sold, damaged, lost and hid items in the timber." This issue is not a proper subject of appeal but may be directed to the district court.

Julene also raised as an issue Francis's failure to provide corrected financial records in a timely fashion pursuant to various rules of the Iowa Rules of Civil Procedure. She argues his untimeliness should have affected his credibility. We have found no reason to believe the district court failed to take into consideration all factors related each party's credibility.

Julene also requested that Francis be required to pay the court costs and her trial attorney fees. The court ordered the costs to be shared and neither party was awarded attorney fees. However, she did not identify this as an issue on appeal, and a passing reference to an issue is insufficient to raise it on appeal. *See Baker v. City of Iowa City*, 750 N.W.2d 93, 102-03 (Iowa 2008); *see also* Iowa R. App. P. 6.903(2)(g)(3) (stating "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). We consider the issue waived.

With regard to Julene's dissatisfaction with her own attorney's performance, this court is in no position to assess their contractual relationship.

**AFFIRMED.**