# IN THE COURT OF APPEALS OF IOWA

No. 19-1593
Filed November 4, 2020

**JAMES A. BEHNKE and BARB J. BEHNKE,**
   Plaintiffs-Appellees/Cross-Appellants,

**vs.**

**MARK FITZPATRICK and SHERYL FITZPATRICK,**
   Defendants-Appellants/Cross-Appellees.
_____

   Appeal from the Iowa District Court for Delaware County, Richard D. Stochl,

Judge.


   Adjoining property owners appeal and cross-appeal from the district court's

order resolving a boundary dispute. **AFFIRMED ON BOTH APPEALS.**



   Dan McClean of McClean Law Offices, Dyersville, for appellants.

   Brian J. Kane and Joseph P. Kane of Kane, Norby & Reddick, P.C.,

Dubuque, for appellees.



   Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

After a December 2016 survey, James and Barb Behnke (Behnke) purchased land from Carolyn Hinderman. In 2017, Behnke filed a petition to establish the eastern boundary of the property, which lies adjacent to property owned by Mark and Sheryl Fitzpatrick (Fitzpatrick). Behnke also asked the district court to determine whether a 1955 easement applied, which would allow access across Fitzpatrick's property. Fitzpatrick answered, asserting a fence line, not the plat lines, established the boundary by acquiescence and disputing Behnke's use of the easement.

Following trial, the district court ruled, "Fitzpatrick has failed to prove that Behnke or their predecessors ever acquiesced in accepting the fence line as the actual boundary between the properties. The legal description of parcel [2016-81] establishes the correct boundary line." The court found the easement inapplicable.

Fitzpatrick appeals from the boundary ruling. Behnke cross-appeals from the district court's ruling denying the use of the easement.

*Fitzpatrick's appeal.*

A boundary dispute is a special action tried at law under Iowa Code chapter 650 (2017). Our review is for errors at law. *Tewes v. Pine Lane Farms, Inc.*, 522 N.W.2d 801, 804 (Iowa 1994). The findings of fact by the trial court are equivalent to a jury verdict, which we will uphold if supported by substantial evidence. *Id.*

In order to establish a boundary by acquiescence, Fitzpatrick had the burden to prove by clear evidence the two adjoining landowners or their predecessors in title recognized and acquiesced in a boundary line for a period of ten years. *See* Iowa Code §§ 650.6, .14; *Tewes*, 522 N.W.2d at 806 (discussing

boundary by acquiescence); *Egli v. Troy*, 602 N.W.2d 329, 333 (Iowa 1999) ("A party seeking to establish a boundary other than a survey line must prove it by 'clear' evidence." (citation omitted)).

The trial court made these findings:

> Based on the survey, the fence line is not the same as the legally described property line. Approximately 1.317 of land actually owned by Behnke is on the Fitzpatrick side of the fence. The parcel has been identified by survey as parcel 2016-81.
>
> The land owned by Fitzpatrick is part of his family farm and was owned by his parents and grandparent. The land in dispute is crop ground with some timber. Fitzpatrick is a dairy farmer with a beef cow herd. The fence line was in place when both Fitzpatrick acquired the land from his father [in 2012] and when Behnke bought his property in 2017. Prior to Behnke purchasing the land, Hinderman was paying the real estate taxes on the small parcel and Behnke continues to do so today.
>
> In August of 2008, Hinderman['s husband] had his attorney sen[d] a letter to Fitzpatrick's father when he owned the land that informed Mr. Fitzpatrick that the parcel in dispute in this litigation was being farmed by Fitzpatrick but was actually owned by Hinderman. The letter extended a "license" to Fitzpatrick which allowed him to continue to farm the 1.3 acres. The letter further stated that the existing fence line was simply a barrier, not a boundary.

The 2008 letter belies Fitzpatrick's claim that "the adjoining landowners or their grantors [had] knowledge of and consented to the [fence line] as the boundary line."[1] *See Sille v. Shaffer*, 297 N.W.2d 379, 381 (Iowa 1980). We defer to the trial court's interpretation of the facts because substantial evidence supports its finding that Behnke and predecessor landowners did not acquiesce to the fence line as a boundary.

---

[1] Fitzpatrick's appellate brief refers to a purported response to the 2008 letter by an attorney in 2016. No evidence of such a response exists in the record. Moreover, Fitzpatrick asserts that "there was *a dispute over the boundary line* if the claim was the Behnke property was east of the fence," not that the fence line was recognized as the boundary. (Emphasis added.)

*Behnke's cross-appeal.*

Behnke baldly asserts their property "was benefited by the original easement grant to Hutchinson in 1955." Fitzpatrick waived briefing in response to Behnke's cross-appeal.[2]

With respect to the easement, the court made these findings:

> The easement was granted by a prior owner of the Fitzpatrick property to a land owner to the north of both the Fitzpatrick and Behnke property. It includes an easement over Fitzpatrick land. Behnke wants use of that easement enforced to allow them to cross Fitzpatrick land. The easement when established in 1955 did not give access to any of the owners of the property now owned by Behnke. The easement description does not match the description of the actual boundary line. The easement starts at the property line on the southeast corner of the property and goes due north to the northeast corner th[e]n west [sixty-six] feet th[e]n south and back east. The actual boundary line travels at an angle. Therefore the easement, as conveyed is not on Fitzpatrick's property at the southern border but is fully encompassed on the north side. The easement was granted for the benefit of the northern properties, not for the benefit of the Behnke property.
> . . . The only issue is whether the written easement between Albert and Alice Burbridge and E.A. Hutchinson is accessible by Behnke. This court finds that it is not. The easement was granted to E.A. Hutchinson, his heirs and assigns as the owner of property located north of the disputed parcel. It had nothing to do with the land owned by Behnke. Therefore, Behnke has no right to enjoy the benefit of that easement.

We review a district court's decision arising from a bench trial for correction of errors at law. *See Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 418 (Iowa 2005). Finding no error, we affirm.

**AFFIRMED ON BOTH APPEALS.**

---

[2] Failing to file a brief does not require reversal. *Bowen v. Kaplan*, 237 N.W.2d 799, 801 (Iowa 1976). We "handle the matter in a manner most consonant with justice and [our] own convenience." *Id.* We will not search the record for a theory to uphold the decision of the district court, but will "confine [ourselves] to the objections raised by the appellant." *Id.*